**ORAL ARGUMENT NOT YET SCHEDULED**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-1135

NORTH TEXAS CONSERVATION ASSOCIATION,
*Petitioner*,

v.

TEXAS DEPARTMENT OF TRANSPORTATION, et al.,
*Respondents*.

On Petition for Review of a Decision of the
Texas Department of Transportation

**CITY OF MCKINNEY, TEXAS AND MAYOR BILL COX'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Christina S. Marshall (D.C. Cir. #64863)
Paul M. Kominers (D.C. Cir. #66285)
Marissa Grenon Gutierrez (D.C. Cir. #66281)
ANDERSON & KREIGER LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
cmarshall@andersonkreiger.com
pkominers@andersonkreiger.com
mgrenongutierrez@andersonkreiger.com

July 11, 2025　　　　*Counsel for City of McKinney, Texas*

**Certificate as to Parties, Rulings, and Related Cases**

As required by D.C. Circuit Rule 28(a)(1), the respondents City of McKinney, Texas and Bill Cox, Mayor of the City of McKinney (collectively, "McKinney" or the "City"), submit this Certificate of Counsel:

**1.   Parties and *Amici*.**   The following is a list of parties and *amici* who, to counsel's knowledge, are parties or *amici* in this Court:

Petitioner is the North Texas Conservation Association.

Respondents are the Texas Department of Transportation (Texas DOT); Dan Harmon, the Director of Texas DOT's Aviation Division; the City of McKinney, Texas; Bill Cox, Mayor of the City of McKinney;\* the Federal Aviation Administration (FAA); and Chris Rocheleau, the Acting FAA Administrator.

There are no amici.

**2.   Rulings Under Review.**   Petitioner challenges the final environmental assessment, finding of no significant impact, and record

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Bill Cox was automatically substituted as a party upon his election as Mayor of the City of McKinney in June 2025.

i

of decision issued for the Eastside Development Project at McKinney National Airport in April 2025.

**3.     Related Cases.**  McKinney is not aware of any other related cases pending in this Court or any other court within the meaning of Circuit Rule 28(a)(1)(C).

*/s/ Christina Marshall*
Christina S. Marshall

*Counsel for City of McKinney, Texas*

**Rule 26.1 Corporate Disclosure Statement**

Pursuant to D.C. Circuit Rule 26.1, McKinney states that it is a governmental entity and therefore it has no parent company and no publicly held company holds a 10% or greater interest in it.

                         */s/ Christina Marshall*
                         Christina S. Marshall

                         *Counsel for City of McKinney, Texas*

# Table of Contents

Certificate as to Parties, Rulings, and Related Cases ............................... i

Rule 26.1 Corporate Disclosure Statement ............................................. iii

Table of Contents .................................................................................. iv

Table of Authorities ............................................................................... v

Glossary ................................................................................................. ii

Argument ............................................................................................... 1

Conclusion ............................................................................................. 3

Certificate of Compliance ...................................................................... 4

# Table of Authorities

**Cases**

*Abdellatif v. United States Department of Homeland Security*,
   109 F.4th 562 (D.C. Cir. 2024) ............................................................... 2

*Seven County Infrastructure Coalition v. Eagle County, Co.*,
   605 U.S. __, 145 S.Ct. 1497 (2025) ........................................................ 2

*Sierra Club v. EPA*,
   358 F.3d 516 (7th Cir. 2004) .................................................................. 2

**Rules**

Fed. R. App. P. 15(d) ................................................................................. 2

Fed. R. App. P. 43(c)(2) .............................................................................. i

Fed. R. Civ. P. 24 (b) ................................................................................. 2

Fed. R. Civ. P. 24(a) .................................................................................. 2

## **Glossary**

| TERM OR ABBREVIATION | DEFINITION |
| --- | --- |
| FAA | Federal Aviation Administration |
| NEPA | National Environmental Policy Act |
| TXDOT | Texas Department of Transportation |
| SBGP | State Block Grant Program |

ii

## **Argument**

McKinney joins the Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Texas Department of Transportation (TX DOT); Dan Harmon, the Director of TXDOT's Aviation Division; the Federal Aviation Administration (FAA); and Chris Rocheleau, the Acting FAA Administrator. This Court lacks jurisdiction over the challenge filed by the Petitioner to the record of decision and finding of no significant impact issued by TXDOT. Petitioners assert jurisdiction through 49 U.S.C. § 46110(a), but said statute does not confer jurisdiction because there is no "order" issued by FAA for Petitioners to appeal. For the reasons more fully laid out in the FAA and TXDOT's Motion to Dismiss, this petition should be dismissed.

McKinney files this brief supplemental motion for two reasons. First, McKinney respectfully requests that this Court either expedite its consideration of the motion to dismiss or order the parties to brief the merits of this appeal without delay while the Court considers the motion. As the Supreme Court has recently noted, "NEPA has transformed from a modest procedural requirement into a blunt and haphazard tool employed by project opponents (who may not always be entirely

1

motivated by concern for the environment) to try to stop or at least slow down new infrastructure and construction projects." *Seven County Infrastructure Coalition v. Eagle County, Co.*, 605 U.S. __, 145 S.Ct. 1497, 1513 (2025).

Second, even if this Court denies Respondents' motion to dismiss for lack of jurisdiction, McKinney moves that the Court dismiss Bill Cox, in his official capacity as the Mayor of the City of McKinney, from this action, because the Mayor is not a proper party. *Abdellatif v. United States Department of Homeland Security*, 109 F.4th 562, 567 (D.C. Cir. 2024) (dismissing petition under 49 U.S.C. § 46110(a) "as to all respondents other than TSA," the federal agency that had issued the order on appeal, because "no other respondent [was] properly before [the Court]").[2]

---

[2] For these same reasons, the City of McKinney is not a proper party to this appeal either. However, if this appeal proceeds, the City would seek to intervene in the matter to protect its interests, both as of right and permissively pursuant to Fed. R. App. P. 15(d) and Fed. R. Civ. P. 24(a) and (b). *See Sierra Club v. EPA*, 358 F.3d 516, 517-518 (7th Cir. 2004) (Where Rule 15(d) does not define precise standards for intervention, "appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24.") Thus, the City seeks dismissal on this basis only as to the Mayor.

2

## Conclusion

For the foregoing reasons and the reasons set out in the Motion to Dismiss filed by TXDOT and FAA, the Court should dismiss this appeal in its entirety. If the Court does not entirely dismiss this appeal, it should dismiss Bill Cox in his capacity as Mayor of the City of McKinney because he is not a proper party.

Respectfully submitted,

*/s/ Christina S. Marshall*
Christina S. Marshall (D.C. Cir. #64863)
Paul M. Kominers (D.C. Cir. #66285)
Marissa Grenon Gutierrez (D.C. Cir. #66281)
ANDERSON & KREIGER LLP
50 Milk Street, Floor 21
Boston, MA 02109
(617) 621-6500
cmarshall@andersonkreiger.com
pkominers@andersonkreiger.com
mgrenongutierrez@andersonkreiger.com

**Certificate of Compliance**

1.  This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 489 words.

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

 /s/ Christina Marshall
Christina S. Marshall

*Counsel for City of McKinney, Texas*
